ORAL ARGUMENT SCHEDULED FOR APRIL 16, 2024

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SINCLAIR WYOMING REFINING LLC, et al.<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | Case No. 22-1073 (and consolidated cases) |

RESPONDENT EPA'S RESPONSE TO PETITIONER
HUNT REFINING COMPANY'S UNOPPOSED
MOTION FOR STAY PENDING JUDICIAL REVIEW

Respondent United States Environmental Protection Agency submits this response to Petitioner Hunt Refining Company's ("Hunt") Unopposed Motion for Stay Pending Judicial Review and states as follows:

1. On May 12, 2022, Hunt filed a petition for review in the United States Court of Appeals for the Eleventh Circuit, Case No. 22-11617, ECF No. 1, challenging EPA's final action under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7607–7671q, titled "April 2022 Denial of Petitions for RFS Small Refinery Exemptions" ("April 2022 Denial"), notice of which was published in the Federal Register on April 25, 2022. 87 Fed. Reg. 24300 (Apr. 25, 2022). In the April 2022 Denial, EPA denied Hunt's 2018 small refinery exemption ("SRE") petition for

exemption from the requirements of the Renewable Fuel Standard ("RFS") program. *Hunt Refining Co. v. EPA*, 90 F.4th 1107, 1109 (11th Cir. 2024).

2. Hunt subsequently filed what it called a "protective petition" for review of the April 2022 Denial in this Court on June 24, 2022. Case No. 22-1132, Doc. 1952339. This Court consolidated this case with *Sinclair Wyoming Refining Co. v. EPA*, No. 22-1073, on July 21, 2022. Case no. 22-1132, Doc. 1955904.

3. On August 3, 2022, Hunt filed a petition for review in the United States Court of Appeals for the Eleventh Circuit, Case No. 22-12535, ECF No. 1, challenging EPA's final action under the CAA titled "June 2022 Denial of Petitions for RFS Small Refinery Exemptions" ("June 2022 Denial"), notice of which was published in the Federal Register on June 8, 2022. 87 Fed. Reg. 34873 (June 8, 2022). In the June 2022 Denial, EPA denied Hunt's 2019–21 SRE petitions for exemptions from the requirements of the RFS program. *Hunt Refining Co.*, 90 F.4th at 1109. The Eleventh Circuit consolidated Hunt's challenges to the April 2022 Denial and June 2022 Denial on January 10, 2023. Case No. 22-11617, ECF No. 42.

4. On August 8, 2022, Hunt filed in this Court a "protective petition" challenging the June 2022 Denial. Case No. 22-1194, Doc. 1958391. This Court consolidated this case with *Sinclair Wyoming Refining Co. v. EPA*, No. 22-1073, on November 14, 2022. Case No. 22-1194, Doc. 1973398.

5. In the Eleventh Circuit—but not this Court—Hunt moved for a stay pending review with respect to its 2019–21 SRE petitions, claiming that, absent a stay, Hunt would face irreparable harm. Case No. 22-12535, ECF No. 15. EPA opposed. Case No. 22-12535, ECF No. 22. The Eleventh Circuit granted Hunt's motion on December 27, 2022. Case No. 22-12535, ECF No. 33.

6. On January 11, 2024, the Eleventh Circuit issued a published opinion and entered judgment dismissing Hunt's petitions for review on venue grounds. *See Hunt Refining Co.*, 90 F.4th 1107. Absent a petition for rehearing en banc, the mandate will issue in that case on March 4, 2024. When the mandate issues, the stay entered in that case will expire.

7. Separately, Calumet Montana Refining, LLC ("Calumet Montana")—another small refinery whose petitions for review of the April 2022 Denial and the June 2022 Denial have been consolidated in this case—previously moved for a stay of its prior RFS compliance obligations pending appeal claiming that, absent a stay, it would face irreparable harm. *See* Case No. 22-1073, Doc. 1982938. Over EPA's opposition, Case No. 22-1073, Doc. 1984522, this Court granted Calumet Montana's stay request, *see* Case No. 22-1073, Doc. 1992426.

8. Hunt's current stay request and supporting materials are substantively similar to Calumet Montana's stay request that this Court granted.

3

9. Given the prior stays, EPA does not oppose the relief requested in Hunt's current stay request. In not opposing, however, EPA does not concede that the prior motions panels' decisions or the Fifth Circuit's decision in *Calumet Shreveport Refining, LLC v. EPA*, 86 F.4th 1121 (5th Cir. 2023) were correct. EPA's non-opposition is made only for the purpose of conserving time and resources of the parties, counsel, and this Court and for the parties, counsel, and this Court to focus on addressing the pending 2022 Denials. EPA's position remains that the 2022 Denials are appropriate and consistent with the CAA.

10. EPA expressly reserves all rights and does not waive any right to later challenge the determination that this Court has authority to grant a stay of statutorily mandated compliance requirements.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

*/s/ Jeffrey Hughes*
BRYAN J. HARRISON
JEFFREY HUGHES
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 307-0930 (Harrison)
Tel: (202) 305-4598 (Hughes)
bryan.harrison@usdoj.gov
jeffrey.hughes@usdoj.gov

Of Counsel:

SUSAN STAHLE
U.S. Environmental Protection Agency
Office of General Counsel
Washington, DC

Dated: February 8, 2024

*Counsel for Respondent U.S. EPA*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 718 words according to the count of Microsoft Word, excluding the parts of the response exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

Dated: February 8, 2024                    */s/ Jeffrey Hughes*
                                            JEFFREY HUGHES

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Dated: February 8, 2024            */s/ Jeffrey Hughes*
                                   JEFFREY HUGHES