IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SINCLAIR WYOMING REFINING COMPANY LLC, *et al.*,<br><br>*Petitioners,*<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondent.* | No. 22-1073 (and consolidated cases) |

**JOINT RESPONSE
TO COURT ORDER OF SEPTEMBER 24, 2024**

In response to this Court's Order of September 24, 2024 (Doc. No. 2076468), Respondent and Intervenors take no position. Petitioners submit the following to show cause "why the sealed portions of the record of [22-1073] (including briefs and appendices) should not be unsealed."

1. Portions of both the record and the briefing in this case contain confidential business information ("CBI") that, if revealed publicly, would harm the petitioners' business and competitive standing. Much of the CBI in this case concerns financial information about the Petitioners and details of their financial transactions. Specifically, that CBI in the

1

record and briefs includes information about Petitioners' profitability, income, cash flow, margins, access to capital, costs of RFS compliance, blending capacity, sales and distribution networks, and DOE's scoring of their hardship. Some petitioners also submitted declarations detailing the irreparable harm that some petitioners would have suffered if they had been required to satisfy their RFS obligations pending judicial review. So while the public certainly has an interest in this case generally, the public has no interest in the extensive details of Petitioners' finances and the irreparable harm they faced—which are not directly relevant to the legal issues presented here. That information should remain under seal.*

2.  On February 22, 2023, this Court entered a protective order allowing the parties to file CBI materials under seal. Doc. No. 1987069. Because direct competitors were party to this litigation, the protective order prohibited any "non-EPA parties" from accessing the CBI materials of another party. Doc. No. 1987069 ¶¶ 4–5. Instead, "[o]utside counsel"

---

* Case Nos. 22-1073 and 22-1074 involve different parties and are governed by different protective orders. The sealed documents in No. 22-1073 should continue to be sealed from the parties in No. 22-1074 that are not parties to No. 22-1073.

and the counsel's staff handled the materials on the parties' behalf. Doc. No. 1987069 ¶ 4. When outside counsel was done with those confidential materials, they must either "destroy or return" them. Doc. No. 1987069 ¶ 9. And even then, the protective order anticipated that the confidentiality of the CBI materials would need to be protected even after the case is over. *Id.* ("Confidentiality under this Order is to be maintained both during *and after* the final disposition of case No. 22-1073 and consolidated cases") (emphasis added). As the order anticipated, the confidential nature of the sealed information has not changed.

3. The confidentiality of this same type of highly sensitive, non-public CBI information was also protected in the agency proceedings. The agency protects and treats as confidential business information that is not publicly available. *See* 40 C.F.R. §§ 2.201–215. Petitioners' CBI was submitted confidentially to EPA and was protected by EPA in the agency action under review. Accordingly, this confidential information should presumptively remain sealed in this Court. Circuit Rule 47.1(a).

3. A company does not "surrender (or 'forfeit') the confidentiality of its information by seeking judicial review." *Metlife, Inc.* v. *Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017). Granting a

3

motion to seal is "appropriate" when it seeks to protect "confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). This is so because "the common-law right of inspection … bow[s] before the power of a court to [e]nsure that its records are not" misused. *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980). For example, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id.* Although courts weigh various factors when deciding whether to seal documents filed with them, "[f]or documents containing sensitive business information and trade secrets, those factors often weigh in favor of sealing." *Metlife*, 865 F.3d at 671.

4. Here, the Court has properly balanced the public's interest in transparent judicial proceedings against Petitioners' right to protect their confidential financial information. The public's primary interest is in the Court's opinion. That opinion was not sealed or redacted, which is further evidence that publication of the CBI is unnecessary to the public's interest in this case. The appendix volumes themselves have limited public relevance but extensive commercially sensitive data. The Court struck

the appropriate balance by uploading all appendices to the case's publicly accessible docket except those that contain CBI. All confidential record documents were grouped together so that any sealed appendix volumes contained only confidential documents. As to briefing, no brief has been completely sealed. Briefs containing CBI have been redacted with precision to remove only the confidential information. Those narrowly redacted briefs have also been uploaded to the case's publicly accessible docket. In short: the parties have sealed only those portions of the appendices and briefing that absolutely must be.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court maintain the sealed portions of the record of this case (including briefs and appendices) under seal in order to protect the parties' CBI.

| | |
|---|---|
| Respectfully submitted, | Dated: October 23, 2024 |
| TODD KIM<br>Assistant Attorney General | /s/ *Jonathan G. Hardin*<br>Jonathan G. Hardin<br>Alexandra Magill Bromer |
| s/ *Bryan J. Harrison*<br>Bryan J. Harrison<br>Jeffrey Hughes<br>U.S. Department of Justice<br>Environment and Natural<br>Resources Division<br>P.O. Box 7611 | PERKINS COIE LLP<br>700 13th Street, NW, Suite 800<br>Washington, D.C. 20005-3960<br>Telephone: 202.654.6297<br>Facsimile: 202.654.6211<br>JHardin@perkinscoie.com<br>ABromer@perkinscoie.com |

Washington, D.C. 20044-7611
(202) 307-0930 (Harrison)
(202) 532-9080 (Hughes)
bryan.harrison@usdoj.gov
jeffrey.hughes@usdoj.gov

*Attorneys for United States Environmental Protection Agency*


/s/ Jeffrey R. Holmstead
Jeffrey R. Holmstead
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
Tel: 202.828.5800
Jeff.Holmstead@bracewell.com
Brittany.Pemberton@bracewell.com

*Attorneys for Petitioners Sinclair Casper Refining Company LLC and Sinclair Wyoming Refining Company LLC*


/s/ Ian S. Shelton
Ian S. Shelton
BAKER & MCKENZIE LLP
800 Capitol, Suite 2100
Houston, Texas, 77002
713.427.5029
Ian.shelton@bakermckenzie.com

*Attorney for Petitioner Kern Oil & Refining Company*

Michael R. Huston
Karl J. Worsham
PERKINS COIE LLP
2525 East Camelback Road, Ste. 500
Telephone: 602.351.8000
MHuston@perkinscoie.com
KWorsham@perkinscoie.com

*Attorneys for Petitioners American Refining Group, Inc., Calumet Montana Refining, LLC, Countrymark Refining and Logistics, LLC, Hunt Refining Company, Par Hawaii Refining, LLC, U.S. Oil & Refining Company, Wyoming Refining Company, and San Joaquin Refining Co., Inc.*


/s/ Mark W. DeLaquil
Mark W. DeLaquil
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Ave., NW
Washington, DC 20036
Tel: (202) 861-1527
mdelaquil@bakerlaw.com

*Attorney for Petitioners Cross Oil Refining & Marketing, Inc and United Refining Company*


/s/ David M. Lehn
David M. Lehn
Jay Schuffenhauer
BOIES SCHILLER FLEXNER LLP

/s/ Eric D. McArthur
Eric D. McArthur
Peter C. Whitfield
Daniel J. Feith
Peter A. Bruland
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8000
emcarthur@sidley.com
pwhitfield@sidley.com
dfeith@sidley.com
pbruland@sidley.com

*Counsel for HF Sinclair Refining & Marketing LLC, HF Sinclair Cheyenne Refining LLC, HF Sinclair Woods Cross Refining LLC, CHS Inc., Delek US Holdings, Inc., Lion Oil Company, LLC, Alon Refining Krotz Springs, Inc., Delek Refining, Ltd., Cenovus Energy Inc., and Superior Refining Company LLC*

1401 New York Avenue NW
Washington, DC 20005
(202) 237-2727
dlehn@bsfllp.com

*Attorneys for Intervenor Growth Energy*

/s/ Matthew W. Morrison
Matthew W. Morrison
Shelby L. Dyl
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth St., NW
Washington, DC 20036-3006
Tel: (202) 663-8036
matthew.morrison@pillsburylaw.com
shelby.dyl@pillsburylaw.com

*Attorneys for Intervenors Renewable Fuels Association, American Coalition for Ethanol, National Farmers Union, and National Corn Growers Association*

# CERTIFICATE OF COMPLIANCE

This response complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 837 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: October 23, 2024

                                      *s/ Jonathan G. Hardin*
                                      Jonathan G. Hardin
                                      PERKINS COIE LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the consolidated case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 23, 2024

                                        *s/ Jonathan G. Hardin*
                                        Jonathan G. Hardin
                                        PERKINS COIE LLP